IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LINN DAUPHINE,

        Petitioner,         Civil No. 04-947-CO

          v.                   FINDINGS AND
                                      RECOMMENDATION

STATE OF OREGON,

        Respondent.

COONEY, Magistrate Judge.

    Petitioner was indicted for Robbery in the Second Degree and Theft in the Second Degree. An attorney was appointed and petitioner pled not guilty. A trial was scheduled for January 6, 1999, but postponed at the defense request. On the morning of the second trial date, petitioner moved for postponement on the ground that he wanted to fire his court-appointed attorney and retain his own counsel. The prosecution objected and petitioner's request was denied.

1 - FINDINGS AND RECOMMENDATION

Petitioner agreed to a stipulated facts trial on the robbery count. Based on the stipulation, petitioner was found guilty and the theft charge was dismissed. A 70 month sentence was imposed under Measure 11.

The only issue raised on direct appeal was the denial of the second continuance. The Court of Appeals affirmed and the Oregon Supreme Court denied review.

Petitioner's Second Amended Petition for Post-Conviction Relief raised four claims of ineffective assistance of trial counsel, two claims of ineffective assistance of appellate counsel, and one due process claim. The Marion County Circuit Court entered Findings of Fact and Conclusions of law and a Judgment denying relief. Petitioner sought review raising three claims of ineffective assistance of counsel. The Oregon Supreme Court denied review.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his conviction on the following grounds:

1.) The trial court erred and denied petitioner's federal constitutional rights under the Sixth and Fourteenth Amendments when it denied defendant's motion to continue trial for the purpose of retaining counsel.

2.) Petitioner's defense counsel was ineffective for a.) not ensuring the decision to waive a jury and proceed with a stipulated facts trial was done knowingly and voluntarily;

2 - FINDINGS AND RECOMMENDATION

b.) failing to adequately advise petitioner as to the potential sentence he could receive and advising petitioner that he would only receive a 36 month sentence.

c.) submitting a "fraudulent court document" in seeking the first postponement; and

d.) coercing petitioner into a stipulated facts trial by giving petitioner only one day's notice of the trial date.

    3.) Petitioner's appellate attorney was ineffective for failing "to adequately represent petitioner on appeal," and failing to obtain petitioner's "court transcripts and file an appeal brief on petitioner's behalf."

    4.) "The State" deprived petitioner of due process by failing to produce adequate and consistent transcripts of petitioner's crucial court hearing, specifically but not limited to the hearing held on March 17, 1999." [the hearing on the motion for second continuance}

<u>Ground One:</u> On the morning of trial petitioner sought a continuance in order to hire a new lawyer and interview "a couple of witnesses." Petitioner alleges that the trial court erred when it denied his motion for continuance.

    Petitioner raised this claim on appeal. The Court of appeals affirmed and the Oregon State Supreme court denied review.

    Relief may not be granted under 28 U.S.C. § 2254 (d)(1)

3 - FINDINGS AND RECOMMENDATION

on any claim the state courts adjudicated on the merits unless "it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

The Sixth Amendment guarantees a defendant in a criminal case the assistance of counsel. The amendment does not guarantee the lawyer of choice. Rather the amendment "is simply to ensure that criminal defendants receive a fair trial." Strickland v. Washington, 446 U.S. 668, 689 (1984). A defendant's right to counsel is infringed where the court abuses its discretion and denies a meritorious request for continuance. Unger v. Sarafite, 376 U.S. 575 (1964) see also, Morris v. Slappy, 461 U.S. 1 (1983).

I find that under the circumstances of this case, the trial court decision denying petitioner's second motion for continuance, filed on the morning of trial, was not an abuse of discretion and did not violate petitioner's Sixth Amendment right to counsel.

Petitioner was arraigned on November 6, 1998 and an attorney was appointed to represent him the same day. The matter was set for trial on January 6, 1999. The case was continued the day before trial on the defense motion on the ground that more time was needed to interview witnesses.

The only reason for seeking a second continuance was that

4 - FINDINGS AND RECOMMENDATION

petitioner felt that he was "not sufficiently prepared" for trial and that he wanted to hire a new attorney for "more investigation for a couple more witnesses." (sic) Petitioner did not identify the potential witnesses, indicate what they might say, explain why the witnesses could not have been interviewed prior to the second trial date, or allege any specific reason why he was not prepared to proceed. Under these circumstances the court's decision denying petitioner's motion did not constitute an abuse of discretion or the denial of a meritorious request for continuance and is entitled to deference by this court.

Ground Two: In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court outlined a two-pronged test for assessing a claim of ineffective assistance of counsel as follows: "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant shows both showings, it cannot be said that the conviction ... resulted

5 - FINDINGS AND RECOMMENDATION

from a breakdown of the adversary process that renders the result unreliable." More than mere incompetence is necessary to prove deficient performance. Strickland imposes a "highly demanding" standard upon a petitioner to prove counsel's "gross incompetence." Kimmelman v. Morrison, 477 U.S. 365 (1986).

The habeas court "must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, supra, at 689.

The prejudice prong requires the petitioner to affirmatively prove actual prejudice. Id. at 693. "Actual prejudice" occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner alleges that his attorney was ineffective for not insuring that the decision to waive a jury and proceed with a stipulated facts trial was done knowingly and voluntarily.

The post-conviction court found that counsel informed petitioner of the consequences of waiving his right to a jury trial and that petitioner understood the consequences of his

6 - FINDINGS AND RECOMMENDATION

decision. The court further found that petitioner denied being coerced or promised anything not discussed in open court. The intermediate court summarily affirmed and the Oregon Supreme Court denied review. The Oregon court decision is entitled to deference by this court under 28 U.S.C. § 2254(d)(1) because it is not contrary to, nor an objectively unreasonable application of, clearly established Federal law.

Moreover, the state court finding that petitioner understood the consequences of his decision waive his right to jury trial and proceed by stipulated facts and was not coerced into doing so is supported by the record before this court. See, Exhibit 104, p. 10. Therefore, petitioner's attorney was not ineffective for failing to adequately advise him regarding his decision to proceed by way of a stipulated facts trial.

Petitioner contends that his attorney was ineffective for failing to advise petitioner as to the potential sentence he would receive [Ground 2 (B)] and misleading petitioner into believing "that in exchange for agreeing to a stipulated facts trial he would only receive a 36-month sentence." [Ground 2 (D)].

The state court ruled against petitioner's claim that he was not correctly advised of the potential sentence. Exhibit 127, pages 3 and 4. The state court finding is entitled to deference under 28 U.S.C. § 2254 (d) (2) because the factual

7 - FINDINGS AND RECOMMENDATION

findings are not objectively unreasonable based on the record before this court.

Defense counsels affidavit, Exhibit 119, pp. 2 and 3, indicates that he advised petitioner he would "probably get a mandatory 70-month sentence" under Measure 11 "unless we had some kind of miracle."

In addition, Exhibit 104, pp. 4-6 establishes that court advised petitioner of his potential sentence. Therefore, even if petitioner's attorney failed to adequately advise him, petitioner did not suffer any actual prejudice because he was properly advised by the court at his waiver of jury trial proceeding.

In short, petitioner's claim that his attorney was deficient for failing to fully advise him regarding his potential sentence if overwhelmingly controverted by the facts of record.

Petitioner claims that his attorney was ineffective for submitting a false document in support of the (first) motion to postpone trial. Petitioner contends that his attorney falsely represented to the court that petitioner had previously signed a 60 day waiver of right to speedy trial. Petitioner contends that "[d]ue to the fraudulent document petitioner was coerced into agreeing to a stipulated facts trial." Petition (#1) p. 4.

8 - FINDINGS AND RECOMMENDATION

Petitioner's argues that the motion to postpone the January 6, 1999 trial date was signed by his attorney on December 31, 1998 and indicated that the 60 day waiver had been signed by petitioner. Petitioner does not contend that he did not sign the affidavit (waiver), only that it was unsigned at the time the motion was prepared.

The date on the waiver bearing petitioner's signature is January 4, 1999. See, Exhibit 124. The date of the file stamp on the motion for continuance and the date of the judge's signature allowing the motion is January 5, 1999. Thus, it appears that the motion was not submitted to, or signed by the court, until after petitioner signed the waiver.

Thus petitioner's claim that a "fraudulent document" was submitted by his attorney is not supported by the facts. Moreover, even if petitioner's claim is true, petitioner has not identified any prejudice resulting from the alleged circumstances, or established any facts to suggest that the outcome of the proceeding would have been different but for his attorney's alleged misrepresentation. Therefore, petitioner has failed to satisfy the prejudice prong of the Strickland test.

Petitioner alleges that his attorney was ineffective for "coercing an agreement to a stipulated facts trial by giving one (1) day's advance notice of the trial date. This -

9 - FINDINGS AND RECOMMENDATION

coupled with petitioner's counsel's representation that petitioner would receive a thirty-six (36) month sentence in exchange for petitioner's decision to enter the stipulated facts trial agreement - led to petitioner's ill-informed decision."

As discussed above, the state court decision regarding this claim is entitled to deference under § 2254 (d) (2) and the record before this court supports the court's findings. Petitioner acknowledged that his waiver of a jury was knowing and voluntary, and also admitted having notice of the trial date for "sometime." Exhibit 103, p. 4.

Petitioner's Memorandum of Law in support (#50) alleges that his trial attorney was ineffective for "failing to obtain investigative assistance." Petitioner argues that an investigator "would have been able to show that petitioner never pulled a weapon on the alleged victim." This claim is not alleged as a ground for relief in petitioner's petition.

Under Rule 2 of the Rules Governing Section 2254 Cases, a petitioner must raise all grounds for relief in the habeas petition. New grounds may not be advanced in the supporting memorandum. See also, Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), *cert. denied* 514 U.S. 1026 (1995). Accordingly, petitioner's failure to investigate claim is not properly before the court.

10 - FINDINGS AND RECOMMENDATION

Moreover, petitioner has not submitted any evidence in support of his argument that an investigator would have been able to "show that petitioner never pulled a weapon on the alleged victim." Therefore, petitioner has not demonstrated any prejudice from counsel's alleged deficiency in this regard.

<u>Ground Three:</u> Petitioner alleges that his appellate attorney "failed to adequately represent petitioner on appeal" and failed to obtain the transcripts of the continuance hearing, forcing petitioner to file his own (*Balfour*) brief. These claims were raised in petitioner's post-conviction brief, but were not advanced on appeal. The only issues raised on the appeal of petitioner's post-conviction judgment concerned the alleged ineffectiveness of defense counsel.

Accordingly, petitioner procedurally defaulted his claim of ineffective assistance of appellate counsel. <u>See</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Petitioner has not alleged any cause or prejudice that would excuse his procedural default or demonstrated a "fundamental miscarriage of justice." <u>Id</u>. at p. 784.

In addition, although ineffective appellate counsel is alleged as a claim for relief in the petition before the court, petitioner has not briefed, argued or otherwise pursued that claim in this proceeding. Claims that are not traversed

11 - FINDINGS AND RECOMMENDATION

should be denied.  See, 28 U.S.C. § 2248.

Ground Four: Petitioner alleges that he was denied due process when the state failed to produce "adequate and consistent " transcripts of petitioner's "crucial court hearing," specifically the hearing on petitioner's motion for a second continuance.

This claim was also alleged in petitioner's post-conviction proceeding, but not advanced on appeal.  Therefore, petitioner defaulted his denial of transcripts claim.

Summary:  Petitioner has not demonstrated that the Oregon court decision regarding his claim of error based on the denial of a second continuance on the morning of trial (ground one) was "contrary to, or an unreasonable application of, clearly established" Supreme Court law, and that decision is entitled to deference under 28 U.S.C. § 2254(d)(1).  In addition, I find that the refusal to grant a last-minute continuance under the circumstances of this case did not violate petitioner's Sixth Amendment rights.

Petitioner procedurally defaulted his claims of ineffective assistance of appellate counsel (ground three) and denial of transcripts claim (ground four) and has not demonstrated cause and prejudice for the default or a fundamental miscarriage of justice (actual innocence).  In addition, although alleged in the petition, petitioner has not

12 - FINDINGS AND RECOMMENDATION

pursued his ineffective assistance of appellate counsel claim in this proceeding.

Based on all of the foregoing, petitioner's Petition (#1) should be denied.  This proceeding should be dismissed.

DATED this 17th day of August, 2006.

                                                             s/ _____
                                                                John P. Cooney
                                            United States Magistrate Judge